be responsive. In short, the verdict would be valid because the indictment was valid, but if the indictment is invalid, then it would be legally incapable of supporting a valid verdict.

In the instant case, from the facts set forth in the answers to the bills of particulars there are certain counts in the indictment which do not charge the crime of embezzlement for the reason that the State admits that in the transactions covered by those counts, the sheriff did not have lawfully in his hands, custody, or possession of the public monies or funds in question. Therefore, these counts of the indictment being legally defective in charging the offense of embezzlement are legally incapable of supporting a valid verdict for obtaining money by false pretense.

For the foregoing reasons, I concur in part and dissent in part from the main opinion, as above explained.

Eugene Stanley, Atty. Gen., Seth Lewis, Dist. Atty., of Opelousas, and R. H. Lee, Sp. Asst. Atty. Gen., for the State.

S. Allen Bordelon, of Marksville, and Lessley P. Gardiner, of Opelousas, for appellee.

HAMITER, Justice.

For the reasons assigned in 204 La. 79, 14 So.2d 917, which was to day decided, the judgment appealed from is reversed and set aside, defendant's demurrer is now overruled, and the case is remanded for further proceedings according to law.

HIGGINS, J., concurs in part and dissents in part and assigns reasons. See 204 La. 88, 14 So.2d 920.

FOURNET, J., dissents and assigns reasons. See 204 La. 88, 14 So.2d 920.

PONDER, J., dissents.

14 So.2d 922

**STATE of Louisiana v. Daly J. DOUCET.**

No. 36741.

June 21, 1943.

Rehearing Denied July 13, 1943.

14 So.2d 923

**STATE of Louisiana v. Daly J. DOUCET.**

No. 36742.

June 21, 1943.

Rehearing Denied July 13, 1943.